UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISABELLA KOSTUKOVSKY,

Plaintiff,

Case No.
Hon.

v.

ROCKET SOFTWARE TECHNOLOGIES, INC., a foreign corporation,

Defendant.

---

PITT, MCGEHEE, PALMER, BONANNI & RIVERS P.C.
Cary S. McGehee (P42318)
Attorney for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800
cmcgehee@pittlawpc.com

---

**COMPLAINT AND JURY DEMAND**

Plaintiff, Isabella Kostukovsky, by and through her attorneys, Pitt, McGehee, Palmer Bonanni & Rivers P.C., files the following Complaint against Defendant Rocket Software Technologies, Inc. ("Rocket"), and states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff, Isabella Kostukovsky (Kostukovsky) brings this wrongful discharge action based on age discrimination and retaliation pursuant to the Age

Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621, *et seq*., and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") M.C.L. § 37.2101, *et seq*.

2. Plaintiff brings her failure to pay owed commissions claim based on the Michigan Sales Representative Commission Act (SRCA), MCL § 600. 2961 et seq.

3. The Court has jurisdiction to enforce the provisions of the ADEA pursuant to 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's claims under the ELCRA and the SRCA because all claims arise from the same facts and comprise the same case or controversy. 28 U.S.C. § 1367.

5. Prior to filing this lawsuit, Plaintiff timely filed a Charge of age discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) arising out of her termination from employment by Defendant.

6. In August of 2026, the EEOC issued a Right to Sue letter for Plaintiff's claims under Title VII of the Civil Rights Act.

7. Plaintiff has timely filed her claims for violations under Title VII.

8. At all times relevant to this action, Kostukovsky was a resident of Oakland County, and thus a resident of the Eastern District of Michigan.

9. Defendant Rocket is a foreign corporation headquartered in Waltham, Massachusetts, and conducting business within the Eastern District of Michigan.

10. Venue is proper in the Eastern District of Michigan, Southern Division,

because the events giving rise to the action occurred in this district and division, and all parties reside in or operate/conduct business within this district.

## STATEMENT OF FACTS

11. Ms. Kostukovsky is currently 62 years old.

12. Rocket is a privately held software development company founded in 1990 and headquartered in Waltham, Massachusetts. Rocket employs over 3000 employees globally.

13. In March of 1994, Ms. Kostukovsky commenced her employment with Rocket's predecessor corporations, Compuware.

14. In 2014, Compuware sold its Uniface business unit (Uniface) to Marlin Equity Partners. Uniface is a model-driven enterprise application software.

15. In May or 2021, Rocket acquired the Uniface business unit from Marlin Equity Partners and Ms. Kostukovsky became an employee of Rocket as a Principal Account Executive.

16. Throughout her over 31-year career with Rocket and its predecessor corporations, Ms. Kostukovsky was an exceptional employee consistently exceeding her sales quota goals, receiving performance review ratings of "Exemplary" and "Exceeds Expectations", and was well respected and beloved by her peers and customers.

17. In 2022, Rocket promoted Ms. Kostukovsky to the position of Senior

Account Executive.

18. In 2023, Uniface became an independent business unit under the management of Deniz Yugnuk – Vice President of Global Sales. Ms. Kostukovsky reported directly to Mr. Yugnuk.

19. In January of 2023, Mr. Yugnuk created a Sales Manager position directly reporting to him, and promoted Els Oirban (believed to be in her early 40s) to the fill the position.

20. Ms. Oirban had no sales experience with Rocket, having been a consultant and auditor for Rocket before her promotion.

21. Ms. Oirban also had no management experience.

22. The management position was never posted.

23. Mr. Yugnuk told Ms. Kostukovsky that he promoted Ms. Oirban to Sales Manager because she is **"younger,"** and he expects her to replace him one day, and directed Ms. Kostukovsky to report directly to her.

24. After Ms. Oirban took over as Ms. Kostukovsky's supervisor, Ms. Kostukovsky was subjected discrimination and harassment because of her age in an obvious attempt to either get her to resign her employment with Rocket or set her up for termination. The discrimination/harassment included:

- Ms. Oirban taking credit for sales that Ms. Kostukovsky made;
- Ms. Oirban and Mr. Yugnuk excluding Ms. Kostukovsky from management on-site meetings, and other important customer meetings;

- Telling Ms. Kostukovsky not to engage with the customers that are subject to audits in any discussions related to new contract negotiations, not to extend the existing contract, and not to discuss new potential opportunities;

- Excluding Ms. Kostukovsky from the meeting that she organized with the University of Mexico during an on-site visit in April 2025 in a very unprofessional and humiliating manner in front of the customer, partner and her colleagues;

- Prohibiting Ms. Kostukovsky from visiting the customers under her responsibility since July 2025 even though it was her primary responsibility as the Senior Account Executive;

- Increasing Ms. Kostukovsky's sale quota beyond the expectations set for other Senior Account Executives;

    a. Ms. Kostukovsky's sales quota sharply increased from being $975,000 in 2015, to $2,500,000 in 2023, and $3,300,000 in 2024 and 2025. While she continued to meet and exceed these sales goals, it was evident from Rocket's actions in accelerating her sales goals above and beyond her peers and its failure to recognize her achievement in meeting these exceptional sales quotas, that these goals were put in place as a means to set her up to fail so that Rocket could create a pretext to terminate her employment because of her age.

- Taking major accounts away from Ms. Kostukovsky's sales metrics effecting her commissions without adjusting her sales quota to account for the loss of these accounts;

    a. The accounts removed from Ms. Kostukovsky's metrics included: Sysmex, Tapestry, CollegeNet, FreeBalance and Blue Yonder- all which have significant booked revenue.

- Mr. Yugnuk selecting Ms. Oirban as a Salesperson of the year even though her quota achievement was under 105% while Ms. Kostukovsky was over 112%. In addition, Mr. Yugnuk gave Ms. Oirban credit for the Blue Younder license revenue of $1,418, 613.0, although this was an account in

Ms. Kostukovsky ‘s region and her responsibility for over 20 years. This manipulation resulted in Ms. Oirban’s sales significantly increasing and Ms. Kostukovsky’s sales numbers decreasing.

25. Based on the actions set forth above, on June 30, 2025, Ms. Kostukovsky made a formal written complaint of discrimination with Rocket People Business Partner, Michelle Elias.

26. Ms. Kostukosky reported that she was unfairly being singled out because of her age by Ms. Oirban and Mr. Yugnuk, who told her to “step aside from account activities.”

27. Her formal complaint outlined the following discriminatory actions taken by her management team:

- Her quotas were substantially increased while at the same time she was not receiving recognition from management for her excellent performance;
- Major accounts were being taken from her without a quota adjustment;
- There was a lack of communication from her mangers and management support;
- She was not being recognized for her customer engagement and instead excluded from important meetings; and,
- She was being treated disparately.

28. Ms. Kostukovsky concluded her formal discrimination complaint by stating:

“ …In over 40 years of my professional career, I have never felt so **humiliated, discriminated against, or hurt** by the actions of a management

> team. I continue to be fully committed to my role and to the success of the company, and I would welcome the opportunity to discuss this matter further with HR in hopes of a fair and respectful resolution and seek clarity on the path forward."

29. Ms. Kostukovsky also reported her concerns through SpeakUp. Ticket number: 664962172301.

30. Ms. Oirban was informed of Ms. Kostukovsky's complaint of discrimination.

31. On July 23, 2025, Ms. Oirban unjustly placed Ms. Kostukovsky on a Performance Improvement Plan (PIP) in retaliation for her June 30, 2025, complaint of discrimination.

32. Thereafter, Ms. Kostukovsky continued to complain to Human Resources that she was being discriminated and further complained that the terms of the PIP were unjustified and unreasonable and in retaliation for her complaint of discrimination.

33. She repeatedly requested that Human Resources investigate her complaints.

34. While HR, namely Brad Jose, Director of Human Resources, said that they would investigate her complaints, she never received any information regarding any investigation, findings, or actions related thereto.

35. On December 1, 2025, Ms. Kostukovsky was informed by HR Relations Manager, Leah Bartholomew, that her employment with Rocket was being

terminated due to purported performance issues.

36. Rocket terminated Ms. Kostukovsky because of her age and in retaliation for her complaints of age discrimination.

37. At the time of her termination, Ms. Kostukovsky was earning a base salary of $155,935, in addition to commission earnings, bonus entitlement, and other valuable benefits of employment, including healthcare benefits.

38. In 2024, her compensation package from Rocket was valued at over $270,000.

39. At the time of her termination, Rocket also failed to pay Ms. Kostukovsky earned commissions worth over $1.7M.

40. Pursuant to Rocket's commission policy and Ms. Kostukosky's compensation plan applicable at the time that the commissions Plaintiff earned were due to be paid by Rocket:

a. Once the customer and the company sign the order form for the sale, the commission is owed to the sales representative;

b. If an audit is necessary, then once the audit is completed, the commission is owed to the sales representative;

c. The percentage of commission owed is based on whether the sales representative has achieved his/her quota.

41. Ms. Kostukosky achieved her sales quota in for all of the commissions

she claims she is owed.

42. Rocket failed to pay Ms. Kostukosky these commissions in violation of the SRCA and because of her age and in retaliation for complaining of age discrimination.

43. Any business justification offered by Rocket for terminating Ms. Kostukosky's employment and for its failure to pay her commissions owed is merely a pretext for intentional age discrimination and retaliation for complaining of age discrimination.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

44. Plaintiff incorporates by reference all the allegations contained above as though stated in full herein.

45. At all times relevant to this action, Defendant was an employer and Plaintiff was an employee within the terms of the ADEA.

46. At all times relevant to this action, Defendant was prohibited under the ADEA from making any employment decisions regarding Plaintiff which were motivated by Plaintiff's age.

47. In violation of the ADEA, Defendant terminated Plaintiff and failed to pay her owed commissions because of her age.

48. As a direct and proximate result of Defendant's age discrimination,

Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, humiliation, physical injury, embarrassment, emotional distress resulting, damage to her reputation and status in her chosen profession from the discriminatory conduct of the Defendant.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT (ELCRA)

49. Plaintiff incorporates by reference all the allegations contained above as though stated in full herein.

50. At all times relevant to this action, Defendant was an employer and Plaintiff was an employee within the terms of the ELCRA.

51. At all times relevant to this action, it was the duty of Defendant to refrain from discriminating against Plaintiff because of her age in violation of the ELCRA.

52. In violation of this duty, Defendant terminated Plaintiff and failed to pay her owed commissions because of her age.

53. As a direct and proximate result of Defendant's age discrimination, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, humiliation, physical injury, embarrassment, emotional distress resulting, damage

to her reputation and status in her chosen profession from the discriminatory conduct of the Defendant.

## COUNT III
## RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

54. Plaintiff incorporates by reference all the allegations contained above as though stated in full herein.

55. At all times relevant to this action, Defendant was an employer and Plaintiff was an employee within the terms of the ADEA.

56. At all times relevant to this action, Defendant was prohibited under the ADEA from retaliating against Plaintiff for complaining of age discrimination.

57. In violation of the ADEA, Defendant terminated Plaintiff and failed to pay her owed commissions in retaliation for her complaint of age discrimination.

58. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, humiliation, physical injury, embarrassment, emotional distress resulting, damage to her reputation and status in her chosen profession from the discriminatory conduct of the Defendant.

**COUNT IV**
**RETALIATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT (ELCRA)**

59. Plaintiff incorporates by reference all the allegations contained above as though stated in full herein.

60. At all times relevant to this action, Defendant was an employer and Plaintiff was an employee within the terms of the ELCRA.

61. At all times relevant to this action, Defendant was prohibited under the ELCRA from retaliating against Plaintiff for complaining of age discrimination.

62. In violation of the ELCRA, Defendant terminated Plaintiff and failed to pay her owed commissions in retaliation for her complaint of age discrimination.

63. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered and will continue to suffer lost wages, and other economic advantages of employment; Plaintiff has and will continue to suffer mental anguish, humiliation, physical injury, embarrassment, emotional distress resulting, damage to her reputation and status in her chosen profession from the discriminatory conduct of the Defendant.

**COUNT V**
**VIOLATION OF THE SALES REPRESENTATIVE COMMISSION ACT (SRCA – MCLA § 600.2961)**

64. Plaintiff incorporates by reference all the allegations contained above as though stated in full herein.

65. At all times relevant hereto, Defendant was a Principal and Plaintiff was a Sales Representative pursuant to the SRCA, MCLA §600.2961, et seq.

66. During Plaintiff's employment with Defendant, she earned commissions on products that she sold prior to her termination.

67. The commissions that she was owed prior to her termination total more than $1.7 M, and include the following sales:

a. Sysmex - $10,000,000.00 – Plaintiff was owed a commission of 11% or $1,100,000.00;

b. Tapestry – $4,00,000 – Plaintiff was owed a commission of at 11% or $440,000.00;

c. Comspec - $150,000.00 – Plaintiff was owed a commission of 11% or $16,500.00;

d. BlueYounder -1,418,623.00 – Plaintiff was owed a commission of 8,547% or $121,249.70;

e. Produce Pro (Advanced food Systems) – $1.4 Million. Plaintiff was owed a commission of 7.4424 % or $104,193.60.

68. Plaintiff repeatedly demanded that Defendant pay these commission as required by the terms of the commission agreement between Plaintiff and Defendant and/or the past practices between the parties and/or the custom and usage prevalent in the state for the business.

69. Notwithstanding Plaintiff's right to be paid said commissions, Defendant refused to pay the commissions to Plaintiff when they were due during her employment and within 45 days of the termination of the contract between Plaintiff and Defendant as required under the SRCA.

70. Defendant's failure to pay Plaintiff said commissions was intentional entitling Plaintiff to 2 times the amount of the commissions due but not paid as required by the SRCA.

71. As a direct and proximate result of Defendant's violation of the SRCA, Plaintiff entitled to the amount of all earned and unpaid commissions, along with interest, and 2 times the amount of the commissions owed, along with attorney fees and costs, all as permitted under the SRCA.

**REQUEST FOR RELIEF**

72. Accordingly, Plaintiff requests the following relief:

a. An order reinstating Plaintiff to her former position or a comparable position.

b. An order awarding Plaintiff past and future economic and emotional damage.

c. An order awarding Plaintiff liquidated damages under the ADEA.

d. An order awarding Plaintiff interest, costs, attorney fees and litigation expenses as provided under the ADEA, ELCRA, and the SRCA.

e. An order awarding Plaintiff the amount of all earned and unpaid commissions, along with interest, and 2 times the amount of the commissions owed, along with attorney fees and costs, all as permitted

under the SRCA.

f. An order awarding Plaintiff such other relief as this court deems just and equitable.

Respectfully submitted,

PITT MCGEHEE
PALMER BONANNI & RIVERS P.C.

BY: s/ Cary S. McGehee
Cary S. McGehee (P42318)
Attorney for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800
cmcgehee@pittlawpc.com

Dated: November 17, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISABELLA KOSTUKOVSKY,

Plaintiff,

Case No.
Hon.

v.

ROCKET SOFTWARE TECHNOLOGIES, INC., a foreign corporation,

Defendant.

---

PITT, MCGEHEE, PALMER, BONANNI & RIVERS P.C.
Cary S. McGehee (P42318)
Attorney for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800
cmcgehee@pittlawpc.com

---

**JURY DEMAND**

Plaintiff herein demands a trial by jury of all issues to the within cause of action.

Respectfully submitted,

PITT, MCGEHEE, PALMER, BONANNI & RIVERS P.C.

BY: s/ Cary S. McGehee
Cary S. McGehee (P42318)
Attorney for Plaintiff
117 W. Fourth Street, Suite 200

Royal Oak, Michigan 48067
(248) 398-9800
cmcgehee@pittlawpc.com

Dated: November 17, 2026